**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KATHY TONG**<br><br>      **v.**<br><br>**MANGAR INDUSTRIES, INC.,**<br>**DUC VAN NGUYEN.** | **CIVIL ACTION**<br><br>**NO.  15-1620** |

**<u>MEMORANDUM OPINION</u>**

**Baylson, J.**                                                               **March 31, 2016**

Must a "wounded wife" give a deposition in an employment case, in which her husband and his employer are defendants.  Plaintiff is a former employee who alleges sexual harassment. Plaintiff  has noticed the deposition of LTK, the initials of the wife of Duc Van Nguyen ("Nguyen").  Defendants have moved for a protective order (ECF 22) asserting the deposition will not be relevant and the ensuing disclosures to LTK will lead to destruction of their marriage.[1]

Defendants have agreed to stipulate, for all purposes in this case, including trial, that Nguyen lied to LTK about his relationship with plaintiff.  There are disputes between plaintiff and Nguyen as to exactly what the nature of their relationship was, and the extent of any sexual relations.

Reminiscent of the plight of Cio-Cio San, Madam Butterfly in Puccini's famous opera, requiring LTK to give a deposition in this case would cause great embarrassment, and may lead

---

[1] Plaintiff's counsel has also served defense counsel with a courtesy copy of the subpoena, before serving it on LTK. Thus, LTK presumably still has no knowledge that her deposition has been sought.  Defense counsel have entered their appearance for LTK without first having spoken with her.  Defense counsel have also asserted marital privilege grounds, which the Court need not address.

to the destruction of whatever may be left of the marriage between Nguyen and LTK, without adding any substantive evidence, particularly in light of the stipulation referred to above.

Rule 26 now specifically includes the concept of "proportionality" and, as a former member of the Advisory Committee on Civil Rules, I recognize the impetus to specifically include the word, "proportionality," in Rule 26 arose largely out of a concern by many lawyers, clients and judges, that discovery was becoming too expensive, relative to the amounts in issue. In this case, the concept of "proportionality" is relevant not because of any excessive expense that this deposition would cause, but because the revised rule reflects a new paradigm for judges to consider when discovery disputes arise, and applies as much to the concept of relevancy as to expenses.

Assuming this deposition had taken place, and plaintiff's counsel's questions had disclosed to LTK that her husband had been sued over a disputed sexual relationship with plaintiff, LTK's knowledge would unlikely be admissible at trial.  We still have the concepts of prejudice and relevancy under F.R.E. 403 as the guiding lights for discovery.  Perhaps plaintiff's counsel may have noticed this deposition in part because it may have increased the probability of starting settlement discussions.  The Court does not make any suggestion of impropriety, but requiring marital discovery which is marginal discovery may put pressure on one party to enter into settlement negotiations.  Pressure to settle is really not a proper function of a judge in deciding a discovery dispute.  Indeed, judges may encourage settlements but should avoid any pressure to settle.  The fact that settlements have become so frequent, that civil trials are almost a relic of history, requires us to be neutral in deciding discovery disputes and to avoid settlement pressures.

O:\CIVIL 15\15-1620 tong v. mangar\15cv1620 Memorandum 03302106.doc